Marilyn BROWN and Gary P. Brown,
Appellants–Plaintiffs,

v.

Ronald L. BANTA, D.P.M,
Appellee–Defendant.

No. 49A02–9701–CV–42.

Court of Appeals of Indiana.

July 22, 1997.

Rehearing Denied Sept. 5, 1997.

Vernon J. Petri, Vernon J. Petri & Associates, Indianapolis, for Appellants–Plaintiffs.

Frederick William LaCava, Daniel J. Buba, The LaCava Law Firm, Indianapolis, for Appellee–Defendant.

## OPINION

ROBERTSON, Judge.

Marilyn and Gary P. Brown [Brown] appeal the summary judgment entered against them in their medical malpractice action against Ronald L. Banta, D.P.M. [Doctor]. The essential issue raised on appeal is whether the trial court erred by striking Brown's response (and designated materials) to Doctor's motion for summary judgment filed the day before the hearing scheduled on the motion. We affirm.

### FACTS

The facts in the light most favorable to the nonmovant Brown reveal that Doctor allegedly committed malpractice in performing surgery on Marilyn Brown's feet and in advising her of the risks involved. Brown filed a proposed complaint before the Medical Review Board. Discovery was conducted throughout 1994, and both parties submitted materials to the review board. On June 1, 1995, the review panel issued its opinion that

Doctor's treatment had not fallen below the applicable standard of care. Brown filed the present lawsuit, and Doctor filed a motion for summary judgment based upon the review board's opinion.

The trial court originally set the summary judgment hearing for October 6, 1995. However, the parties entered into the following stipulation which was entered on the record:

### STIPULATION FOR STAY OF PROCEEDINGS

Comes now, counsel for plaintiffs and defendant and stipulate and agree to a Stay of Proceedings *for thirty days after November 15* until plaintiffs have had the opportunity to take the deposition of [Doctor], which is currently scheduled for November 15, 1995.

(Italics indicate handwritten insertion).[1] The thirty day period contemplated under the stipulation expired on December 14, 1995.

Doctor was deposed on two occasions for a total of over eight hours. At the close of the second deposition session, which was held on January 24, 1996, the following colloquy took place:

Brown's counsel: Let the record show that the deposition is continued until . . .

Doctor's counsel: The deposition is not continued. We are not agreeing to any continuance of the deposition . . . you have had two shots at [Doctor]. If you want more, you're going to have to get a court order compelling him to attend another deposition.

Brown's counsel: Well, let the record show that we will, based on your representations, then, file a motion with the court asking that the doctor be compelled to attend the deposition so that we can complete it. True, we have been over here on two separate occasions and we have asked

questions, but this is a complicated medical malpractice case and involves quite a few documents and complicated medical injuries, and further, twelve surgical procedures, and—

\*    \*    \*    \*    \*    \*

Brown's counsel: We have not completed. The deposition is not completed. Okay. Gentlemen, have a good day.

(At this time, the deposition was recessed.)

On April 8, 1996, the trial court reset the hearing on the motion for summary judgment for May 24, 1996. On April 26, 1996, the trial court granted Doctor's motion for a Protective Order preventing Brown from deposing Doctor a third time. The motion alleged that Brown had had an ample opportunity to depose Doctor during the first two sessions, and that most of the questions asked in the second session were exactly the same questions, covering exactly the same subject matter, that had been covered in the first session.

Brown filed his response to Doctor's motion for summary judgment, along with his designation of evidence, on May 23, 1996, the day before the scheduled hearing. Brown's designation did not include any evidence from Doctor's deposition, but only included evidence which had been available and which could have been organized as early as 1994. The trial court granted Doctor's motion to strike Brown's response and designated materials as untimely filed, and entered summary judgment on the unopposed motion. This appeal ensued.

### DECISION

■ As stated in *Stevenson v. Hamilton Mutual Insurance Company*, 672 N.E.2d 467 (Ind.Ct.App.1996), *trans. denied:*

cause Brown's appeal overall is not permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *See John Malone Enterprises, Inc. v. Schaeffer*, 674 N.E.2d 599, 606 (Ind.Ct.App.1996) (The appellate tribunal must use extreme restraint when exercising its discretionary power to award damages on appeal because of the potential chilling effect upon the exercise of the right to appeal.)

---

1. Doctor has filed a motion with this court requesting that we impose sanctions against Brown alleging that she misstated a fact in her brief central to the resolution of the dispute. We agree with Doctor that Brown's characterization of the stipulation entered into in this case is misleading and lacks the appropriate candor due this tribunal. While we are displeased by Brown's attempt to mislead the court, we nevertheless will refrain from imposing sanctions be-

In reviewing a motion for summary judgment, this court applies the same standard as the trial court. We must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Neither the trial court, nor the reviewing court, may look beyond the evidence specifically designated to the trial court. Once the movant for summary judgment has established that no genuine issue of material fact exists by submission of materials contemplated by T.R. 56, the nonmovant may not rest on his pleadings but must set forth specific facts, using supporting materials contemplated under the rule, which show the existence of a genuine issue for trial. A trial court's grant of summary judgment is "clothed with a presumption of validity," and the appellant bears the burden of demonstrating that the trial court erred.

*Id.* at 470–71 (Citations omitted). In medical malpractice cases, it is well-established that when the medical review panel opines that the plaintiff has failed to make a prima facie case, she must then come forward with expert medical testimony to rebut the panel's opinion in order to survive summary judgment. *Chambers by Hamm v. Ludlow,* 598 N.E.2d 1111, 1116 (Ind.Ct.App.1992).

■ Indiana Trial Rule 56 prescribes formal procedures for summary judgment proceedings as follows:

**(C) Motion and Proceedings Thereon.** The motion and any supporting affidavits shall be served in accordance with the provisions of Rule 5. *An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits. The court shall conduct a hearing on the motion which shall be held not less than ten (10) days after the time for filing the response.* At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto. The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.... Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the evidentiary matter designated to the court.

\* \* \* \* \* \*

**(F) When Affidavits Are Unavailable.** *Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.*

\* \* \* \* \* \*

**(I) Alteration of Time.** The court, *for cause found,* may alter any time limit set forth in this rule.

(Emphasis added). In *Seufert v. RWB Medical Income Properties I Limited Partnership,* 649 N.E.2d 1070, 1072 (Ind.Ct.App. 1995), we interpreted the above provisions of T.R. 56 as follows:

After examining the rule in its entirety, we conclude that it requires a response by an adverse party within the required time frame. Should the party show by affidavit that he is unable to oppose the motion without discovery, then T.R. 56(F) allows the court to order a continuance. Similarly, T.R. 56(I) allows the court, *for cause found,* to alter time limits. However, the rule mandates that summary judgment, if appropriate, be entered against a nonmoving party who fails to properly respond or designate evidence. Thus, a party may not wait until the summary judgment hearing

to file a brief opposing the motion.... We find that T.R. 56 requires an adverse party to respond within 30 days by either (1) filing affidavits showing issues of material fact, (2) filing his own affidavit indicating why the facts necessary to justify his opposition are unavailable, or (3) requesting an extension of time in which to file his response. Seufert failed to act within the 30 day time frame. Thus, from the evidence designated to the trial court, we find summary judgment to have been appropriate.

*Id.* at 1073 (Emphasis added). Viewed from the opposite temporal perspective, T.R. 56(C) contemplates that any response must be filed at least ten days before the summary judgment hearing.

Brown argues that the appropriate interpretation of the parties' stipulation provided that her time for filing a response would not expire before she had finished deposing Doctor. Brown argues that, because she had never finished deposing Doctor, the thirty day time period did not begin to run until April 26, 1996, the date Doctor obtained the Protective Order preventing further depositions. Thus, Brown argues, her response filed less than thirty days later, on May 23, 1996, was timely. Brown references T.R. 30(D) which provides that a deposition may be ended by the trial court's entry of a protective order. 2 William F. Harvey, *Indiana Practice,* 735 (2nd Ed.1987).

■ We disagree with Brown's interpretation that the parties' stipulation provided an open-ended, unlimited amount of time to take Doctor's deposition. The express terms of the parties' stipulation provided that the proceedings would be stayed for thirty days after November 15, 1995 (until December 14, 1995), in order that Brown could have *an opportunity* to depose Doctor. Apparently, Brown determined that she needed more time, and additional opportunities, to depose Doctor than had been provided in the stipulation. Nevertheless, Brown did not file an affidavit, as required under T.R. 56(F), to obtain another continuance to take further depositions. Nor did Brown make any attempt to show cause, as required under T.R.

56(I), to permit the trial court to alter the time limits prescribed by the rule.

We also disagree with the proposition that the timing of the entry of the Protective Order makes a difference in this case. At the close of the second deposition session held near the end of January 1996, Brown was placed on notice by opposing counsel that Doctor would not be available for further deposition without being compelled by court order. In fact, Brown's counsel stated that he would apply for such an order. However, no such application was made, either before or after the entry of the Protective Order. It is hard to imagine that further deposition of Doctor had been necessary, especially considering that no part of Doctor's deposition was included in Brown's designated materials.

Even had Brown's right to file a response to Doctor's motion for summary judgment survived the date specified in the stipulation, the right to file a response would have nevertheless expired sometime before May 23, 1996, the date Brown finally filed her response. On April 8, 1996, Brown was placed on notice that the stay of proceedings imposed by the stipulation had been lifted by the trial court's resetting of the hearing on the motion for summary judgment. Yet, Brown did not file a response within the following thirty days, by May 8, 1996. Nor did Brown's response come before May 14, 1996, ten days before the scheduled hearing date. No, Brown's response did not come until May 23, 1996, the day before the scheduled hearing.

Under these circumstances, the trial court correctly concluded that Brown's response had not been timely filed and appropriately struck her response and designated materials. As Doctor's motion for summary judgment, which was supported by the opinion of the medical review panel, was, in effect, unopposed, the trial court correctly granted the motion. Therefore, we find no error.

Judgment affirmed.

NAJAM and BARTEAU, JJ., concur.