## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Nov 23 2016, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| **ATTORNEY FOR APPELLANT** | **ATTORNEY FOR APPELLEES** |
| Craig Persinger | Megan B. Quirk |
| Marion, Indiana | Muncie, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Rosina Keller,

*Appellant-Plaintiff,*

v.

Gretchen Cheesman, as
Administrator of the City of
Muncie Unsafe Building Hearing
Authority, and the City of
Muncie,

*Appellees-Defendants.*

November 23, 2016

Court of Appeals Case No.
18A02-1601-MI-188

Appeal from the Delaware Circuit
Court.
The Honorable Marianne L.
Vorhees, Judge.
Cause No. 18C01-1503-MI-11

**Friedlander, Senior Judge**

[1]     Rosina Keller appeals the trial court's grant of summary judgment in favor of
Gretchen Cheesman, in her capacity as Administrator of the City of Muncie's
Unsafe Building Hearing Authority, and the City of Muncie. We affirm.

[2]     James Conaster owned property in Muncie, Indiana, that contained a house and an outbuilding. Rodney Conaster (relationship to James Conaster unknown) complained to the Delaware County Health Department about the conditions of those structures. Appellant's App. p. 33. On August 25, 2014, an inspector for the Department visited the property.

[3]     On August 26, 2014, the Department issued an order deeming the house to be "unfit for human habitation" due to disrepair and unspecified unsanitary conditions. *Id.* at 34. Conaster was ordered to fix the problems or vacate the buildings within five days. It appears from the record that Conaster was elderly and infirm, and he was removed from the property at some point during this period.

[4]     Also on August 26, 2014, the Building Commissioner for the City of Muncie issued an initial demolition order for the house and outbuilding, deeming them to be dangerous structures. The order stated that the house's roof was in disrepair and the ceiling was falling in. Furthermore, the house's wiring was in disrepair.

[5]     Meanwhile, Conaster was delinquent on property taxes. On October 15, 2014, Keller purchased the property at a tax sale. The Delaware County Auditor issued a Tax Sale Certificate to Keller. According to the Certificate, Keller would be "entitled to a deed for the tract of land so purchased as above described at the expiration of the redemption period (Thursday, October 15,

2015)" if the prior owner, Conaster, did not pay the back taxes during that period. *Id.* at 7.

[6] On October 30, 2014, the City of Muncie issued a formal demolition order to Conaster. In the order, the City directed Conaster to demolish the house and outbuilding within forty-five days. The City further informed Conaster that the Unsafe Building Hearing Authority (the Authority) would hold a hearing on the demolition order on December 11, 2014. The City sent a copy of the letter to Keller.

[7] The Authority held a hearing as scheduled on December 11, 2014. Conaster did not attend, but Keller attended and was recognized by the Authority as the "tax sale buyer" of the property. *Id.* at 45. Keller asserted that she wanted to rehabilitate the house but conceded she would not have the right to possess the property for thirteen months.

[8] After the hearing, the Authority issued a "Record of Hearing." *Id.* In the Record, the Authority both "affirmed" and "continued" the October 30, 2014 demolition order, granting Keller "additional time to comply with the order." *Id.* The Record instructed Keller to submit to the Authority within sixty days a schedule to repair the house and proof that she could afford $25,000 worth of repairs on the house. The Authority also suggested that Keller take steps to gain an immediate right of access to the property to make repairs. The Authority scheduled a follow-up hearing for February 12, 2015.

[9]     At the February 12, 2015 hearing, Conaster did not attend, but Keller was present. She submitted a schedule to repair the property and a proposed budget, but she did not provide proof that she could afford to pay for $25,000 worth of repairs. At the end of the hearing, the Authority issued another "Record of Hearing" in which the Authority affirmed the demolition order and the proposed timetable for destruction of the house and outbuilding. *Id.* The Authority declined to give Keller any additional time. The Record further indicated she was told "she could appeal [the] order within 10 calendar days." *Id.*

[10]    On February 23, 2015, Keller filed a verified civil complaint against Gretchen Cheesman in her capacity as Administrator of the Authority, the City of Muncie, and James Conaster, asking the trial court to reverse the demolition order. Administrator Cheesman and the City of Muncie filed an answer generally denying Keller's allegations.

[11]    Next, Administrator Cheesman and the City of Muncie filed a Motion for Summary Judgment and Dismissal of Complaint. Keller did not file a response to Cheesman and the City's motion or designate any evidence in opposition to the motion. The court held oral argument, at which all parties other than Conaster appeared. After the hearing, the court granted the motion and dismissed Keller's complaint in its entirety.

[12]    After the court granted the summary judgment motion, the City began to demolish the house and outbuilding using its own contractor. Keller filed a

motion to stay the demolition proceedings, and the court granted the motion. Next, Keller filed a motion to correct error, which the court denied. The City filed a motion to resume demolition, alleging that the property had been left in a dangerous state. The court granted the motion. This appeal followed.

[13]     Keller claims the trial court should not have granted summary judgment to Cheesman and the City. The party appealing from a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. *Doe v. Adams*, 53 N.E.3d 483 (Ind. Ct. App. 2016), *trans. denied*.

[14]     We review summary judgment de novo, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000 (Ind. 2014). A party is entitled to summary judgment if the designated evidence shows that there is no genuine issue as to any material fact and the party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The movant bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Hughley*, 15 N.E.3d 1000. If the movant successfully carries that burden, then the nonmovant must produce contrary evidence establishing an issue for the trier of fact. *Id.* We consider all evidence and inferences in the light most favorable to the nonmoving party. *Smith v. Delta Tau Delta*, 9 N.E.3d 154 (Ind. 2014).

[15]     Cheesman and the City argued to the trial court and argue on appeal that Keller failed to timely seek judicial review of the Authority's final condemnation decision. The trial court granted summary judgment to Cheesman and the City

on a different ground, specifically that Keller lacked standing to challenge the demolition order.

[16]  We may affirm a grant of summary judgment on any theory supported by the evidence. *Miller v. Danz*, 36 N.E.3d 455 (Ind. 2015). Even if we assume for the purposes of this appeal that Keller has standing and timely filed her request for judicial review, there is another basis upon which to affirm the trial court's judgment. Specifically, in their motion for summary judgment, Cheesman and the City argued that the February 12, 2015 order on demolition was appropriate because Keller "refused to comply with the requests of the Enforcement Authority in order for a possible rescission of the December 11, 2014 Demolition Order." Appellant's App. p. 26.

[17]  Keller neither filed a response to Cheesman and the City's motion for summary judgment nor designated any evidence in opposition to summary judgment. As a result, although we are mindful of our obligation to view the facts in the light most favorable to the nonmovant, we have only Cheesman and the City's evidence before us. That evidence demonstrates that during the December 11, 2014 hearing, the City's employees pointed out that the house was in extremely poor condition and expressed doubt that it could be repaired without expending large sums of money. For that reason, the Authority directed Keller to provide proof within sixty days that she could pay $25,000 to rehabilitate the house. Keller failed to provide such proof at the February 12, 2015 hearing.

[18] Appellate courts are obligated to scrutinize the record to ensure that the party that loses on summary judgment is not improperly prevented from having its day in court. *Siner v. Kindred Hosp. Ltd. Partnership*, 51 N.E.3d 1184 (Ind. 2016). A movant bears "a heavy factual burden" to establish "the absence of any genuine issue of material fact on at least one claim." *Id*. at 1187. Even so, Keller failed to file a response to the summary judgment motion, and as a result Cheesman and the City demonstrated without contradiction that she failed to comply with conditions for further continuances of the demolition order. There was no genuine dispute of material fact, and the trial court did not err by granting summary judgment in favor of Cheesman and the City. *See Brown v. Banta*, 682 N.E.2d 582 (Ind. Ct. App. 1997) (affirming grant of summary judgment where nonmovant failed to timely respond, effectively resulting in the motion being unopposed), *trans. denied*.

[19] For the reasons stated above, we affirm the judgment of the trial court.

[20] Judgment affirmed.

Baker, J., and Najam, J., concur.