

ATTORNEY FOR APPELLANT

Eric A. Frey
Frey Law Firm
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

John D. Nell
Jere A. Rosebrock
Wooden McLaughlin, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rickie Henderson, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Elliott Kleinman, D.P.M., <br> *Appellee-Respondent.* | May 30, 2018 <br><br> Court of Appeals Case No. <br> 84A01-1710-CT-2566 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable John T. Roach, Judge <br><br> Trial Court Cause No. <br> 84D01-1506-CT-4294 |

**Mathias, Judge.**

[1]     Rickie Henderson ("Henderson") filed a complaint in Vigo Superior Court against Dr. Elliott Kleinman ("Dr. Kleinman"). The complaint alleged that Dr. Kleinman failed to meet the applicable standard of care both in his record keeping and in his treatment of Henderson. Summary judgment proceedings ensued, and the trial court granted summary judgment in Dr. Kleinman's favor

after concluding that the doctor was entitled to judgment as a matter of law. Henderson appeals and argues that the trial court erred when it granted Dr. Kleinman's motions for summary judgment and disregarded the medical review panel's opinion that Dr. Kleinman's record keeping failed to meet the applicable standard of care.

We affirm.

## Facts and Procedural History

Henderson was a patient of Dr. Kleinman's for approximately five years, and during that time he performed three surgeries on Henderson's right foot and ankle. The most recent surgery, which is at issue in this appeal, was performed on August 27, 2010. Henderson presented to Dr. Kleinman with continued pain in her right foot, and the doctor performed several surgical procedures on her foot on that date.

Henderson continued to experience pain after the surgery. After several follow up appointments with Dr. Kleinman, Henderson sought a second opinion from Dr. Dominic DiPierro in January 2012. Henderson reported her post-surgery pain to the doctor, and he believed that Henderson's pain was the direct result of the 2010 surgery.

[5] As required by Indiana's Medical Malpractice Act,[1] on August 24, 2012, Henderson filed her proposed complaint against Dr. Kleinman with the Indiana Department of Insurance. Henderson's complaint alleged that "[i]n performing the [August 27, 2010] surgery, Kleinman failed to meet the appropriate standard of care for podiatry and orthopedic surgery." Appellant's App. Vol. II, p. 27. And "as a proximate result of the failure of the defendant to meet the standard of care, plaintiff sustained severe and permanent damage to her right foot and ankle and is permanently impaired." *Id.*

[6] The Medical Review Panel ("the Panel") reviewed her complaint and Henderson's patient records. On April 16, 2015, the Panel issued the following opinion:

> The panel is of the unanimous opinion that the record keeping of the Defendant fails to meet the standard required, and that the lack of documentation makes it impossible for the panel to decide whether the evidence supports or does not support a conclusion that the Defendant failed to comply with the appropriate standard of care in his treatment of the Plaintiff.

Appellant's App. Vol. II, p. 86.

[7] Thereafter, Henderson filed a complaint against Dr. Kleinman in Vigo Superior Court. The complaint alleged:

---

[1] *See* Indiana Code § 34-18-8-4.

2. In performing the surgery and preparing medical records of his care and treatment of the plaintiff, Dr. Kleinman failed to meet the appropriate standard of care for podiatrists and orthopedic surgeons.

3. Plaintiff's claim was presented to a medical review panel pursuant to Indiana's Medical Malpractice Act, and the Medical Review Panel found that the defendant failed to meet the standard of care in keeping records of his care and treatment of the plaintiff and that the Panel could not determine as a result of those poor records that the actual surgery he performed was within the standard of care.

4. That the plaintiff was injured and damaged as a result of the surgery and negligent failure of the defendant to perform within the applicable standard of care.

Appellant's App. Vol. II, pp. 16–17.

[8] On June 28, 2017, Dr. Kleinman filed a motion for partial summary judgment and argued that Indiana law does not impose a legal duty on physicians to keep any particular type of patient medical records. And therefore, Henderson does not have an actionable claim arising out of Dr. Kleinman's method of record keeping. Dr. Kleinman also argued that even if the duty did exist, Henderson has not established a causal connection between the breach of that duty and her alleged injuries.

[9] Shortly thereafter, Dr. Kleinman filed a motion for summary judgment and argued that he performed the August 27, 2010 surgery within the applicable standard of care and was therefore entitled to judgment as a matter of law. In

support of his summary judgment motions, Dr. Kleinman designated the affidavit of Dr. J. Michael Miller, D.P.M., F.A.C.A.S. ("Dr. Miller"). In his affidavit, Dr. Miller stated that Dr. Kleinman's surgical and office visit records "provided [him] with sufficient information to reliably formulate and render" his opinion on whether Dr. Kleinman met the applicable standard of care. Appellant's App. Vol. III, p. 19. The doctor stated that Dr. Kleinman met the applicable standard of care in his diagnosis and treatment of Henderson and concluded that "the surgical procedures which [Dr. Kleinman] employed to treat Mrs. Henderson on August 27, 2010 were performed appropriately and within the applicable standard of care." *Id.*

[10] In response to Dr. Kleinman's motions, Henderson designated the Panel opinion and the depositions of the panel members discussing the inadequacy of Dr. Kleinman's record keeping. Henderson did not designate any evidence to counter Dr. Miller's opinion that Dr. Kleinman's diagnoses and treatment of Henderson met the applicable standard of care.

[11] On October 3, 2017, the trial court granted Dr. Kleinman's motion for summary judgment and entered judgment in the doctor's favor. Henderson now appeals. Additional facts will be provided as necessary.

## Standard of Review

[12] When we review the entry of summary judgment, we apply the same standard as the trial court. *City of Lawrence Util. Serv. Bd. v. Curry*, 68 N.E.3d 581, 585 (Ind. 2017). Summary judgment is appropriate only when "the designated

evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). An issue is "genuine" if a trier of fact is required to resolve the truth of the matter; a fact is "material" if its resolution affects the outcome of the case. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

Summary judgment is a "blunt instrument" by which the non-prevailing party is prevented from resolving its case at trial. *Id*. Because of this, our supreme court has cautioned that summary judgment "is not a summary trial" and courts on appeal should carefully "assess the trial court's decision to ensure [a party] was not improperly denied [their] day in court." *Id*. at 1003–04 (citations omitted). In other words, "Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims." *Id*. at 1004.

## Discussion and Decision

Henderson argues that a physician has a duty to maintain and keep adequate patient records. Therefore, the Panel opinion "establishes that there was evidence presented to the trial court demonstrating a failure to meet the standard of care with regard to defendant's legal duty to keep and maintain adequate records of the plaintiff's care." Appellant's Br. at 7.

To establish a *prima facie* case of medical malpractice, a plaintiff must demonstrate: (1) a duty on the part of the defendant in relation to the plaintiff; (2) a failure to conform her conduct to the requisite standard of care required by

the relationship; and (3) an injury to the plaintiff resulting from that failure. *Sorrells v. Reid–Renner*, 49 N.E.3d 647, 651 (Ind. Ct. App. 2016) (citing *Thomson v. St. Joseph Reg'l Med. Ctr.*, 26 N.E.3d 89, 93 (Ind. Ct. App. 2015)). The plaintiff must come forth with expert medical testimony establishing: (1) that the doctor owed a duty to the plaintiff; (2) that the doctor breached that duty; and (3) that the doctor's breach proximately caused the plaintiff's injuries. *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1187 (Ind. 2016); *Sorrells*, 49 N.E.3d at 651.

[16] A unanimous opinion of the medical review panel establishing that the doctor failed to comply with the appropriate standard of care and that the doctor's conduct was a factor in causing the patients resultant damages is "ordinarily sufficient" to meet the patient's initial burden to show that there was no genuine issue of material fact. *See Siner*, 51 N.E.3d at 1187–88; *Scripture v. Roberts*, 51 N.E.3d 248, 252 (Ind. Ct. App. 2016). The burden then shifts to the doctor to designate sufficient expert testimony "setting forth specific facts showing the existence of a genuine issue" of material fact. *Scripture*, 51 N.E.3d at 252.

[17] Moreover, an Indiana summary judgment movant may not rely on a non-movant's failure to designate evidence in support of each element of her claim. *Hughley*, 15 N.E.3d at 1003. Rather, Indiana practice places the burden on the movant affirmatively to negate—that is, to designate evidence disproving—an element of the non-movant's claim. *Id*. If carried, the burden then shifts to the non-movant to come forward with contrary evidence requiring resolution by a trier of fact. *Id*.

[18] This is an extremely unusual case. There is no statutory authority or reported case law establishing a duty to maintain "adequate" records. Indiana Code section 16-39-7-1 requires doctors to keep records, and it would not be unreasonable to conclude that the duty to keep records requires that the doctor's records be adequate to determine what facts the doctor relied on to make a diagnosis, including the patient's relevant medical history, and the course of treatment recommended by the doctor. At a minimum a doctor's records should include sufficient information so that the Medical Review Panel can make a determination whether the doctor met the applicable standard of care. And if the sufficiency of medical records was a controlling factor in the determination of whether Dr. Kleinman's treatment of Henderson met the applicable standard of care, our review would end here.

[19] However, even if we assume that a physician has a duty to keep adequate records,[2] whether Dr. Kleinman kept adequate records is a question of fact. In support of his motion for summary judgment, Dr. Kleinman designated the affidavit of Dr. Miller who stated that Dr. Kleinman's surgical and office visit records "provided [him] with sufficient information to reliability formulate and render" his opinion on whether Dr. Kleinman met the applicable standard of care. Appellant's App. Vol. III, p. 19. In response, Henderson designated the

---

[2]In the trial and appellate proceedings in this case, Dr. Kleinman argued that even if the duty to maintain "adequate records" was recognized, and if a trier of fact found that he breached that duty, Henderson cannot establish that the breach was the proximate cause of any claimed injuries. Henderson failed to respond to that argument both at the trial level and in these proceedings.

Panel's opinion that "the record keeping of the Defendant fail[ed] to meet the standard required." Appellant's App. Vol. II, p. 86. But under the facts and circumstances of this case, this factual issue does not mandate reversal of the trial court's entry of summary judgment in favor of Dr. Kleinman.

[20] Importantly, in his summary judgment motion, Dr. Kleinman also argued that in treating Henderson, he met the applicable standard of care. In support of his argument, he again designated Dr. Miller's affidavit. Dr. Miller, whose specialty is also podiatry, reviewed Dr. Kleinman's records of his office visits with Henderson and her surgical records. Dr. Miller concluded:

> Based upon my education, training and experience, and the records which I have reviewed, it is my opinion based upon a reasonable degree of medical certainty that Dr. Kleinman met the standard of care in all respects in his care and treatment of Mrs. Henderson and, in particular, with respect to his diagnoses and treatment rendered in 2010.
>
> Based on my training and experience, and Dr. Kleinman's operative note, the surgical procedures which he employed to treat Mrs. Henderson on August 27, 2010 were performed appropriately and within the applicable standard of care.

Appellant's App. Vol. III, p. 19.

[21] Dr. Kleinman also designated the deposition testimony of Panel member Dr. Oglesby who stated that there was nothing in the medical records that he reviewed that led him to believe that Dr. Kleinman failed to meet the standard of care in treating Henderson. *Id.* at 75. Dr. Henning, another review panel

member, opined that Dr. Kleinman appropriately performed the surgical procedures during Henderson's August 27, 2010 surgery. *Id*. at 77. The third panel member, Dr. McGowan also stated in his deposition that from the surgical records it appeared that the procedures were appropriately performed and the surgical procedures were within the range of appropriate treatment for Henderson's diagnosis.[3] *Id*. at 79.

[22] In response to the motion for summary judgment, Henderson did not designate any evidence to that would establish that Dr. Kleinman's treatment of her fell below the applicable standard of care.[4] And if Dr. Kleinman did not breach his duty to Henderson, her claim for medical malpractice fails as a matter of law.

[23] Henderson believes that the Panel opinion rebuts Dr. Miller's opinion that Kleinman met the applicable standard of care. But the Panel only found that "lack of documentation makes it impossible for the panel to decide whether the evidence supports or does not support a conclusion that the Defendant failed to comply with the appropriate standard of care in his treatment of the Plaintiff." Appellant's App. Vol. II, p. 86. We firmly believe that the presence or absence of medical records is certainly a factor in the determination of whether or not

[3] From our review of the record, it appears that the panel was more concerned with the adequacy of Henderson's office visit records, but not the surgical records. In their depositions, the panel members discussed omissions from the records of the office visits, including the lack of patient history and the lack of discussion of more conservative treatment options.

[4] Henderson included her records of patient visits with Dr. Dominic DiPierro in her Appendix. But it does not appear from the record that these patient records were designated to the trial court with her response to Dr. Kleinman's motion for summary judgment.

medical malpractice occurred in any case. However, in the face of an admissible affidavit from a competent expert opining that Dr. Kleinman's care of Henderson was within the applicable standard of care notwithstanding his extremely poor recordkeeping and deposition testimony from Panel members that the surgeries were adequately performed and appropriate for Henderson's diagnosis, it is inadequate as a matter of law to respond solely by pointing only to the Panel's finding that Dr. Kleinman's recordkeeping failed to meet the applicable standard.

[24] Dr. Kleinman met his burden as the summary judgment movant to affirmatively negate an element of Henderson's claim. The burden then shifted to Henderson to come forward with contrary evidence requiring resolution by a trier of fact. *See Hughley v. State*, 15 N.E.3d at 1003. Henderson failed to do so.[5] We therefore affirm the trial court's grant of summary judgment in Dr. Kleinman's favor.

[25] Affirmed.

Barnes, J., concurs.

Najam, J., concurs with a separate opinion.

---

[5] With her memorandum in opposition to Dr. Kleinman's motions for summary judgment, Henderson only designated the Panel opinion and portions of Dr. Henning's and Dr. McGowan's depositions, who were both members of the Panel.

| | |
|---|---|
| Rickie Henderson, | Court of Appeals Case No. |
| *Appellant-Petitioner,* | 84A01-1710-CT-2566 |
| v. | |
| Elliott Kleinman, D.P.M., | |
| *Appellee-Respondent.* | |

**Najam, Judge, concurring.**

[26] I concur, but write separately to emphasize the injustice caused by Dr. Kleinman's failure to maintain adequate and accurate medical records, which prevented the Medical Review Panel from rendering an opinion on the merits of Henderson's medical malpractice claim. As our Supreme Court has acknowledged, "the '[m]aintenance of health records by providers' is . . . closely entwined with health care and . . . records in general are . . . important to a medical review panel's assessment of whether the appropriate standard of care

was met." *Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182, 186 (Ind. 2011). It should follow, then, that a health care provider's failure to maintain documentation of a patient's treatment sufficient to enable a Medical Review Panel to form an opinion on alleged medical malpractice would support a claim against the provider. I urge our Legislature to amend the Act to provide that health care providers have an affirmative duty to maintain adequate and accurate medical records and that a violation of that duty could support a *prima facie* medical malpractice claim.

[27] A health care provider's failure to maintain adequate and accurate medical records is the functional equivalent of spoliation of evidence. While our courts do not recognize an independent tort claim for first party spoliation of evidence, "[i]n Indiana, the exclusive possession of facts or evidence by a party, coupled with the suppression of the facts or evidence by that party, may result in an inference that the production of the evidence would be against the interest of the party which suppresses it." *Porter v. Irvin's Interstate Brick & Block Co.*, 691 N.E.2d 1363, 1364-65 (Ind. Ct. App. 1998). Such an inference could defeat a summary judgment motion. *See, e.g.*, *Dawson v. Hummer*, 649 N.E.2d 653, 661 (Ind. Ct. App. 1995) (holding where evidence gives rise to conflicting inferences summary judgment is inappropriate).

[28] Here, Dr. Kleinman had exclusive control over the creation of Henderson's medical records, which evidence was a necessary predicate for her medical malpractice claim. The inadequacy of those records is akin to the suppression of evidence and supports an inference that adequate medical records would

have been against Dr. Kleinman's interest. As the majority observes, it would be reasonable to assert that a health care provider has an affirmative duty to maintain adequate and accurate records. Such a duty is wholly meaningless without a consequence for a failure to comply. *See, e.g.*, *Shirey v. Flenar*, 89 N.E.3d 1102, 1112 (Ind. Ct. App. 2017) (Baker, J., concurring). Here, the Medical Review Panel's inability to evaluate Henderson's malpractice claim due to a "lack of documentation" should be sufficient to withstand Dr. Kleinman's summary judgment motion. Appellant's App. Vol. II at 86. Nonetheless, we must strictly construe the Act, and because Henderson did not designate *any* evidence to show that Dr. Kleinman's conduct fell below the applicable standard of care, I am compelled to agree with the majority that summary judgment for Dr. Kleinman is required.