## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 18 2019, 9:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ernest P. Galos
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Stephanie L. Nemeth
Peter J. Agostino
Anderson Agostino & Keller, P.C.
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Evelyn M. Gregory, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> City of South Bend Fire Department, <br> *Appellee-Defendant.* | March 18, 2019 <br><br> Court of Appeals Case No. 18A-CT-2328 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Margot F. Reagan, Judge <br><br> Trial Court Cause No. 71D04-1506-CT-217 |

**Bailey, Judge.**

# Case Summary

[1] Evelyn M. Gregory ("Gregory") appeals the trial court's grant of summary judgment to the City of South Bend Fire Department ("the Fire Dep't") regarding her negligence claim. The only issue she raises is whether the trial court erred in granting the Fire Dep't summary judgment.

[2] We reverse and remand.

# Facts and Procedural History

[3] On June 16, 2013, Gregory felt dizzy and fell against a wall in her apartment. On June 17, Gregory went to Dr. Christopher Hall's ("Dr. Hall") office. While walking to the bus stop after leaving Dr. Hall's office, Gregory lost consciousness. When Gregory regained consciousness, she was on the ground. When South Bend firefighters and paramedics arrived, the firefighters helped Gregory stand and then walked with her to the ambulance. While walking to the ambulance, Gregory lost consciousness again, and when she regained consciousness, the paramedics were carrying her—with one holding her by her feet and the other holding her under her arms. Gregory has no recollection of what happened while she was unconscious on the way to the ambulance. After being placed in the ambulance, Gregory noticed that one of her feet was twisted and swollen and one of her knees was also swollen. Gregory later learned she had sustained a broken bone in that area of her body.

[4] On June 17, 2015, Gregory filed a complaint for damages against the Fire Dep't, and on June 1, 2016, she filed her amended complaint. In her complaint, Gregory claimed that the Fire Dep't was negligent in its care for her on June 17, 2013, causing her personal injury. On June 20, 2018, the Fire Dep't filed a motion for summary judgment and designated evidence, including affidavits from fire department and paramedic personnel who swore that they never dropped Gregory when assisting her during the June 17, 2013, incident. Gregory filed a timely response with designated evidence, including portions of the transcript from her September 8, 2017, deposition. In her deposition, Gregory testified that the firefighters forced her to her feet when she wished to lie down. She also testified that she did not have a twisted or swollen foot and knee or any fractures before the paramedics carried her to the ambulance on June 17, 2013, but she did have those injuries once she was in the ambulance and had regained consciousness.

[5] The trial court granted the Fire Dep't's motion for summary judgment, and this appeal ensued.

# Discussion and Decision

[6] Gregory maintains that the trial court erred in granting summary judgment to the Fire Dep't. Our standard of review for summary judgment is well settled. When reviewing a grant or denial of summary judgment, we apply the same standard as the trial court. *Holmes v. Celadon Trucking Servs. of Ind., Inc.*, 936 N.E.2d 1254, 1256 (Ind. Ct. App. 2010).

The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts.

*Daviess-Martin Cnty. Joint Parks & Recreation Dep't v. Estate of Abel by Abel*, 77 N.E.3d 1280, 1285 (Ind. Ct. App. 2017) (citations omitted).

[7] On summary judgment,

[w]e "resolve all questions and view all evidence in the light most favorable to the non-moving party, so as to not improperly deny him his day in court." *Alldredge v. Good Samaritan Home, Inc.*, 9 N.E.3d 1257, 1259 (Ind. 2014) (internal citation omitted). We "consciously err[ ] on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims." *Hughley* [*v. State*], 15 N.E.3d [1000,] 1004 [(Ind. 2014)]. In other words, "'summary judgment is not a summary trial.'" *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1190 (Ind. 2016) (quoting *Hughley*, 15 N.E.3d at 1004–05) (internal quotation omitted). "Defeating summary judgment requires only a genuine issue of material fact, not necessarily a persuasive issue of material fact." *Id*.

*Chmiel v. U.S. Bank Nat'l Ass'n*, 109 N.E.3d 398, 407 (Ind. Ct. App. 2018).

[8] Here, the issue of material fact is whether the firefighters and/or paramedics dropped Gregory while carrying her to the ambulance, thus causing her injury. The Fire Dep't designated evidence—firefighter and paramedic affidavits— showing that they did not drop Gregory. However, Gregory's designated

evidence—her deposition—showed that she did not have an injury before the Fire Dep't employees carried her to the ambulance, she lost consciousness while being carried to the ambulance, and she did have an injury when she regained consciousness in the ambulance.[1] Thus, Gregory designated evidence[2] from which a reasonable factfinder could conclude that the Fire Dep't employees dropped Gregory while carrying her to the ambulance, causing her injury.

[9] While the fact-finder in this case may ultimately determine that Gregory's circumstantial evidence is not sufficient to overcome the Fire Dep't's evidence, that possibility does not justify summary judgment. *See Heritage Operating, L.P. v. Mauck*, 37 N.E.3d 514, 519 (Ind. Ct. App. 2015) (noting we do not assess evidentiary weight or witness credibility on a motion for summary judgment), *trans. denied*; *see also Jones v. Berlove*, 490 N.E.2d 393, 395 (Ind. Ct. App. 1986) ("[T]he mere improbability of recovery by a plaintiff does not justify summary judgment against him."). Rather, drawing all reasonable inferences in favor of Gregory, as we must, it is clear that there exists a genuine issue of material fact, making summary judgment inappropriate. *See Mauck*, 37 N.E.3d at 519 (quoting *Webb v. Jarvis*, 575 N.E.2d 992, 994 (Ind. 1991)) ("We will accept as

---

[1] Thus, Gregory provided more than merely a "conclusory statement" that the Fire Dep't employees dropped her. Appellee's Br. at 5-6.

[2] While Gregory's designated evidence is circumstantial, it is well-settled that negligence may be proven by circumstantial evidence alone. *E.g.*, *Foddrill v. Crane*, 894 N.E.2d 1070, 1075-76 (Ind. Ct. App. 2008), *trans. denied*.

true any '[r]ational assertion of fact and reasonable inferences therefrom' and will resolve any doubt as to the existence of a fact or inference in favor of the non-moving party.").

The trial court erred in granting the Fire Dep't's summary judgment motion.

Reversed and remanded.


Bradford, J., concurs.
Brown, J., dissents with opinion.

| | |
|---|---|
| Evelyn M. Gregory,<br>*Appellant-Plaintiff*,<br><br>v.<br><br>City of South Bend Fire<br>Department,<br>*Appellee-Defendant*. | Court of Appeals Case No.<br>18A-CT-2328 |

**Brown, Judge, dissenting.**

I respectfully dissent from the majority's conclusion that the trial court erred in granting the Fire Department's summary judgment motion. Based upon the Fire Department's designated evidence, which included the affidavits of firefighters and paramedics and indicated that they did not drop Gregory, I would find that the Fire Department made a *prima facie* showing that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. Thus, the burden shifted to Gregory to show the existence of a genuine issue by setting forth specifically designated facts. *See Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016).

The majority states that Gregory fell twice before firefighters and paramedics arrived. Specifically, Gregory felt dizzy and fell against a wall in her apartment and later lost consciousness while walking to the bus stop and regained

consciousness when she was on the ground when firefighters and paramedics arrived. In her deposition, Gregory stated:

> They took my blood pressure. Then they told me to get up again. And I said, "I can't get up. I can't walk."
>
> So two young guys picked me up. One had one arm, and so they picked me up. They was sitting in the park somewhere and having a conversation with each other.
>
> I said, "Look, you all. I can't just stand here."
>
> They ignored me and they kept talking; so I was scared I might fall again. So I went to lay back down and when I got halfway, they grabbed me and pulled me back up.
>
> The ambulance is way down there (indicating). And so they was walking – well, when they first picked me up, my legs was dangling up under me in the air, and I was trying to find the ground. I finally found it. Anyways, they was walking me down to the ambulance, down the way, and out of the corner of my eye, I seen the lady that called the ambulance for me and I waved at her. They turned me loose, and that's when I fell.
>
> Okay. When I fell, it was just like I blacked out because I don't even remember falling or anything. Just everything went black, and I didn't feel myself hit the ground or anything.
>
> Okay. Then I became conscious again. When I did that, one had my feet and one had me up under my arms, and they carried me to an ambulance. And when they finally put me in the ambulance, they put me down. My foot was twisted and real big. My knee was real big, and I'm thinking to myself, "What happened?"
>
> Evidently, when I fell, I hurt myself and broke the bone.

Appellant's Appendix Volume II at 29-30. Gregory also stated that she did not have a memory of being let go or of landing on the ground.

[14] Based upon Gregory's deposition, I would find that she did not designate evidence to show that she did not have an injury before the Fire Department employees carried her to the ambulance or that created an issue of material fact, and I would affirm the trial court's entry of summary judgment in favor of the Fire Department. *See Brown v. Buchmeier*, 994 N.E.2d 291, 297 (Ind. Ct. App. 2013) (observing that the plaintiff was clear in her deposition that she did not know why she fell, holding that the plaintiff's designated evidence did not create an issue of fact, and affirming the trial court's order granting summary judgment to the defendants); *Ogden Estate v. Decatur Cnty. Hosp.*, 509 N.E.2d 901, 903 (Ind. Ct. App. 1987) (holding that "[n]egligence cannot be established by inferential speculation alone," observing that the plaintiff failed to present any factual evidence which would place in issue the defendant's evidence that established a lack of slickness on a floor, and concluding that the plaintiff had failed to sustain the burden in opposition to summary judgment), *reh'g denied*, *trans. denied*.

[15] For the foregoing reasons, I respectfully dissent and would affirm the trial court.