**Kari HEYSER, et al., Appellants–
Defendants.**

v.

**NOBLE ROMAN'S, INC., et
al., Appellee–Plaintiffs.**

**No. 29A04–1002–PL–71.**

Court of Appeals of Indiana.

Aug. 19, 2010.

Rehearing Denied Oct. 25, 2010.

P. Adam Davis, Indianapolis, IN, Attorney for Appellants.

Jeffrey R. Gaither, Marisol Sanchez, Curtis T. Jones, Indianapolis, IN, Attorneys for Appellees.

**OPINION**

SHARPNACK, Senior Judge.

Appellants Kari Heyser, et al. ("the Franchisees"), seek review of the trial court's grant of partial summary judgment in favor of Appellees Noble Roman's Inc., Paul W. Mobley, A. Scott Mobley, Troy Branson, and Mitch Grunat (collectively, "Noble Roman's"). We affirm and remand for further proceedings.

## I. ISSUE

The Franchisees raise one issue, which we restate as whether the trial court erred by granting partial summary judgment to Noble Roman's on the Franchisees' claim for constructive fraud.[1]

## II. FACTS AND PROCEDURAL HISTORY

On, June 19, 2008, the Franchisees filed suit against Noble Roman's and two financial institutions ("the Banks"). The Franchisees asserted fraud and other claims against Noble Roman's and the Banks in relation to the Franchisees' agreements to open franchised Noble Roman's Pizza Restaurants that subsequently failed. On November 14, 2008, the Franchisees filed an Amended Complaint, which added more plaintiffs. On December 16, 2008, the Franchisees filed a Second Amended Complaint, which added other plaintiffs.

The Banks each filed a motion to dismiss the Franchisees' fraud claims against them for failure to state a claim upon which relief could be granted. The Franchisees filed a response. After a hearing on March 25, 2009, the trial court granted the Banks' motions to dismiss and dismissed them from the case with prejudice.

---

1. Before this case was fully briefed and assigned to this panel, Noble Roman's filed a Motion to Dismiss Appeal. This Court's Motions Panel denied Noble Roman's Motion. Noble Roman's asks this panel to reconsider the Motions Panel's decision. We deny Noble Roman's request and address the Franchisees' appeal on the merits.

Next, Noble Roman's filed a Motion for Partial Summary Judgment and a supporting memorandum of law. In the memorandum, Noble Roman's asserted that the Franchisees were not "alleging constructive fraud." Appellants' App. p. 166. Instead, Noble Roman's claimed that the Franchisees were alleging actual fraud, and that many of the alleged fraudulent statements in the Franchisees' Complaint and subsequent amendments did not qualify as actual fraud. The Franchisees filed a Response, in which they asserted that their Complaint and subsequent amendments alleged both actual and constructive fraud against Noble Roman's.

After a hearing, the trial court issued an order on September 23, 2009, granting Noble Roman's Motion for Partial Summary Judgment. The trial court determined, in part,

> That as to constructive fraud, the Court finds that in the hearing of March 25, 2009 the Plaintiffs by counsel stated to the Court, 'we have not plead constructive fraud.' The Court finds that this is binding upon the parties and they are estopped from now asserting they have plead constructive fraud in the Complaint. . . .

Appellants' App. p. 40.

On October 8, 2009, the Franchisees filed a "Motion to Correct Error, Reconsider and Vacate Order; Request for Clarification; Alternatively, Motion for Certification of Appeal of Interlocutory Order and for Stay of Proceedings Pending Appeal." Appellants' App. p. 194. Noble Roman's filed a response. After a hearing, the trial court issued an order on January 12, 2010. In the order, the trial court denied the Franchisees' Motion to Correct Error, denied their request for leave to amend their complaint to more clearly identify constructive fraud claims, and denied their request to certify the

September 23, 2009, order for discretionary interlocutory appeal.

On January 15, 2010, during a telephonic status conference, the Franchisees asked the trial court to reconsider the denial of their Motion to Correct Error. On February 4, 2010, the trial court issued an Order in which the trial court denied the Franchisees' request to reconsider. In the Order, the trial court stated, "the Court does not deem the prior statements of Plaintiffs' counsel to be ambiguous." Appellants' App. p. 33. The trial court further determined:

> there is no just reason for delay and the Court does now expressly enter [ ] Final Judgment as to the issues of whether or not the Plaintiffs included in the Amended Complaint the theory of constructive fraud and that the Plaintiffs may not have leave to file an Amended Complaint to include such theory.

Appellants' App. p. 34.

### III. DISCUSSION

Our standard of review for a trial court's grant of a motion for summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C), *Evan v. Poe & Associates, Inc.*, 873 N.E.2d 92, 97 (Ind.Ct.App. 2007). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Id.* We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.*

In this case, the Franchisees claim that the trial court should not have granted Noble Roman's Motion for Partial Summary Judgment. Specifically, the Franchisees assert that when their former attorney stated at the March 25, 2009,

hearing that the Franchisees had not pleaded constructive fraud, he was not making a binding admission as to the Franchisees' claims against Noble Roman's.

 An attorney can make an admission to a trial court that is binding upon his client. *Hockett v. Breunig,* 526 N.E.2d 995, 998 (Ind.Ct.App.1988). A statement which contains ambiguities or doubt is not to be regarded as a binding admission. *See Maldonado v. Gill,* 502 N.E.2d 1371, 1372 (Ind.Ct.App.1987), *reh'g denied, transfer denied.*

In *Mid–States Aircraft Engines, Inc. v. Mize Co., Inc.,* 467 N.E.2d 1242, 1244 (Ind. Ct.App.1984), an aircraft maintenance company, Mid–States Aircraft Engines, Inc. ("Mid–States"), appealed the trial court's ruling that the trial court had personal jurisdiction over Mid–States. During a hearing before the trial court on Mid–States' motion to dismiss for lack of jurisdiction, Mid–States' counsel had stated that Mid–States "does receive business from the state of Indiana and in this particular case received business from the state of Indiana and would do so again." *See id.* at 1245. On appeal, this Court determined that the attorney's statement to the trial court was a binding admission and provided relevant evidence on the subject of personal jurisdiction. *See id.* at 1248. Thus, the trial court properly determined that it had personal jurisdiction over Mid–States and did not err by reversing its earlier grant of Mid–States' motion to dismiss. *See id.*

Additionally, in *Hockett,* 526 N.E.2d at 996–997, a convicted murderer, Hockett, sued his former criminal defense attorneys, alleging malpractice. Hockett had also filed a petition for post-conviction relief. *Id.* at 997. In the malpractice case, the attorneys filed a motion for summary judgment while the petition for post-con-

viction relief was pending. *Id.* At a hearing on the attorneys' motion for summary judgment, Hockett's counsel stated that the decision in the post-conviction matter would most likely bind the trial court in the malpractice action. *Id.* at 998. Subsequently, Hockett lost in his post-conviction action, and the trial court in the malpractice action entered judgment in favor of the attorneys. *Id.* at 997. On appeal in the malpractice action, this Court concluded that Hockett's counsel's concession during argument on the motion for summary judgment was a binding admission. *See id.* at 998. Consequently, Hockett's loss in the post-conviction proceeding barred his legal malpractice action. *See id.*

 Before turning to the case at hand, a brief review of the nature of fraud claims will be helpful. Actual fraud consists of five elements: 1) the fraud feasor must have made at least one representation of past or existing fact; 2) which was false; 3) which the fraud feasor knew to be false or made with reckless disregard as to its truth or falsity; 4) upon which the plaintiff reasonably relied; 5) and which harmed the plaintiff. *Scott v. Bodor, Inc.,* 571 N.E.2d 313, 319 (Ind.Ct.App.1991). Actual fraud may not be predicated upon representations of future conduct. *Siegel v. Williams,* 818 N.E.2d 510, 515 (Ind.Ct. App.2004). Constructive fraud, on the other hand, arises by operation of law from a course of conduct which, if sanctioned by law, would secure an unconscionable advantage, irrespective of the actual intent to defraud. *Drudge v. Brandt,* 698 N.E.2d 1245, 1250 (Ind.Ct.App.1998). The elements of constructive fraud are different than the elements of actual fraud, as follows: 1) a duty owing by the party to be charged to the complaining party due to their relationship; 2) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or

remaining silent when a duty to speak exists; 3) reliance thereon by the complaining party; 4) injury to the complaining party as a proximate result thereof; and 5) the gaining of an advantage by the party to be charged at the expense of the complaining party. *See Siegel,* 818 N.E.2d at 515–16.

■ It is also useful to note that civil conspiracy is not an independent cause of action. *Winkler v. V.G. Reed & Sons, Inc.,* 638 N.E.2d 1228, 1234 (Ind.1994). Instead, civil conspiracy must be alleged with an underlying tort. *See id.* (considering plaintiff's civil conspiracy claim with a claim for tortious interference with an employment contract).

In the current case, on March 25, 2009, the parties appeared before the trial court for a hearing on the Banks' motions to dismiss the Franchisees' fraud claims. It is apparent from the transcript that the Franchisees' fraud claims against the Banks were based entirely on the Franchisees' fraud claims against Noble Roman's. In response to the Banks' claim that the Franchisees had not identified any alleged fraudulent statements by the Banks, the Franchisees' then counsel asserted, "[t]he claims against the bank are based upon concerted action or a conspiracy acting with Noble Roman's." Appellants' App. p. 53. The Franchisees' then counsel further asserted, "we have alleged sufficiently that there was a concerted action/conspiracy between the banks and Noble Roman's in making these representations to the franchisees." *Id.* at 54. The Franchisees' then counsel next outlined the Franchisees' fraud claims against Noble Roman's and asserted "I would submit that we have sufficiently alleged fraudulent statements of existing facts, not promises of future conduct or promises of future profits." *Id.* at 56–57. In that context, the Franchisees' then counsel stated:

So I would submit to the Court that we have certainly alleged sufficient facts to fall within that case to hold the banks liable or at least pass a motion to dismiss on a claim that [the Banks] conspired and acted in concert with Noble Roman's under these alleged facts. We've cited some other cases on constructive fraud and basically under those kind of cases the claim that you were making a representation about future promises and opinions and not facts was not upheld. We haven't pleaded constructive fraud so I would submit to the Court that we state the cause of action for fraud, *Gable v. Curtis,* supports that.

Appellant's App. p. 58. Under questioning by the trial court, the Franchisees' then counsel reiterated: "[t]he claim against the bank in this case is not a stand-alone claim against the bank for fraud, it's for acting in concert or conspiracy with Noble Roman's." *Id.* at p. 59.

Thus, on the face of the record, the Franchisees' then counsel unequivocally stated at the March 25, 2009 hearing: (1) the Franchisees' fraud claims against the Banks were based solely on allegedly fraudulent representations by Noble Roman's, with whom the Banks allegedly acted in conspiracy; and (2) the Franchisees were alleging actual fraud, not constructive fraud. Thus, the Franchisees' then counsel admitted that the Franchisees were only pleading actual fraud against Noble Roman's, who was the only defendant that allegedly made fraudulent statements. That admission was binding upon the Franchisees throughout the lawsuit. Under these circumstances, Noble Roman's was entitled to judgment as a matter of law on the Franchisees' subsequent attempt to plead constructive fraud, and the trial court did not err by granting partial summary judgment to Noble Roman's on that claim. *See Hockett,* 526 N.E.2d at 998

(affirming a grant of summary judgment where an attorney conceded an issue that was dispositive of his client's case).

## IV. CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court and remand for further proceedings.

Affirmed and remanded.

NAJAM, J., and BROWN, J., concur.