# OPINION



FILED

Oct 15 2020, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ericka Butler
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Richard B. Gonon
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Ericka Butler,

*Appellant-Defendant,*

v.

Symmergy Clinic, PC,

*Appellee-Plaintiff*

October 15, 2020

Court of Appeals Case No.
20A-CC-904

Appeal from the Marion Superior
Court

The Honorable Timothy W.
Oakes, Judge

Trial Court Cause No.
49D02-1802-CC-4425

**May, Judge.**

Ericka Butler appeals the trial court's entry of summary judgment in favor of Symmergy Clinic, PC. She raises one issue on appeal, which we revise and restate as whether the trial court erred in granting Symmergy's combined motion for summary judgment on its claim against Butler and Butler's counterclaims against Symmergy. We affirm in part, reverse in part, and remand.

# Facts and Procedural History[1]

Butler was involved in an automobile accident in August 2014, and her family doctor referred her to Symmergy, an Indianapolis chiropractic clinic. Butler sought treatment at the clinic for neck pain and headaches, which injuries Butler attributed to her automobile accident. Butler was also pregnant at the time and experienced back pain. Tina,[2] a Symmergy employee, told Butler that Symmergy "could not submit the bills to [Butler's health insurer] as this involved a motor vehicle accident." (App. Vol. II at 100.) Tina did explain to Butler that Symmergy would seek to receive payment through Butler's automobile insurance medical payment coverage. Butler then signed a "Doctor's Lien" document, which provided, "I fully understand that I am directly and fully responsible to said doctor for all medical bills submitted by him for services rendered to me and that agreement is made [illegible.]" (*Id.* at 67.) At the same time, Symmergy presented Butler with a brochure labeled Important Information About Insurance and Scheduled Appointments, which stated:

> We offer you the convenient courtesy of submitting your
> insurance claims for any covered insurance benefit. You will be

---

[1] Consistent with our standard of review and the procedural posture of the case, we recite the facts in the light most favorable to the non-movant, Butler. *See Haegert v. McMullan*, 953 N.E.2d 1223, 1229-1230 (Ind. Ct. App. 2011) ("We do not reweigh the evidence, but we liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial.").

[2] This individual is referred to in the record by her first name only.

> asked to remit only the set co-pay or co-insurance that is
> determined by your insurance provider at the time of service.
>
> For any services that you have chosen to have administered but
> are not covered by your insurance policy, as with so many things
> in life, you are responsible for the cost of your care.
>
> Insurance can be a confusing and sometimes frustrating realm.
> We will help you in any way we are able but encourage you to
> call your insurance carrier or our billing service and find out for
> yourself what coverage they offer for your individual plan.

(*Id*. at 105.) Neither the Doctor's Lien nor the brochure referenced an office policy whereby Symmergy refused to submit claims to health insurers for treatment provided to bodily injury patients.

[3] Beginning in November 2014, Dr. Kenneth Golden, a licensed chiropractor at Symmergy, treated Butler. In his medical records, Dr. Golden attributed all of Butler's injuries to her automobile accident, even though he told Butler that he could not determine if her back pain was caused by her pregnancy or the accident. Even though Butler's headaches and neck pain subsided in January 2015, Dr. Golden "specifically advised [her] that since he could not do x-rays to determine if any of the back pain was associated with the auto accident, that [she] had to continue treatment, or the insurance company would hold the break in treatment against [her]." (*Id*. at 101.) Butler's automobile insurance medical payment coverage was exhausted by the time she began treatment at Symmergy, and therefore, her automobile insurance did not pay any of the medical bills from Symmergy. Nonetheless, Symmergy refused to submit its

bills to Butler's health insurance company. In January 2016, Symmergy released Butler from treatment and placed her on a "maintenance" program. (*Id.*) Symmergy then began to bill Butler's health insurer. Symmergy did not provide Butler with copies of her medical records or health insurance claim forms until well after she completed her treatment.

[4] On February 2, 2018, Symmergy filed a complaint in Marion Superior Court alleging Butler owed $9,295.00 in unpaid medical bills. Symmergy later amended its complaint to name Brett Osborne and Hocker & Associates, LLC (collectively, "H & A"), Butler's attorneys from the personal injury action stemming from the August 2014 automobile accident, as additional defendants. Symmergy alleged H & A failed to honor a letter of protection Symmergy sent to the firm. In her answer to the amended complaint, Butler asserted as an affirmative defense that her execution of the Doctor's Lien was obtained by fraud. Butler also filed a series of counterclaims alleging fraud, breach of fiduciary duty, unfair trade practices, and breach of contract. H & A also filed a counterclaim asserting Symmergy's claims against the firm were frivolous.

[5] Symmergy filed a combined motion for summary judgment seeking judgment on its claims against Butler and Butler's counterclaims. Butler and H & A filed a joint memorandum of law in opposition to Symmergy's combined motion for summary judgment. The court granted Symmergy's combined motion for summary judgment on August 22, 2019, and Butler and H & A subsequently

filed a motion to correct error.[3] The trial court did not rule on the motion to correct error, and the motion was thus deemed denied pursuant to Trial Rule 53.3(A).[4]

# Discussion and Decision

[6] We apply the same standard as the trial court when reviewing a grant of summary judgment. *Cincinnati Ins. Co. v. Adkins*, 935 N.E.2d 190, 192 (Ind. Ct. App. 2010). "[S]ummary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id*. We consider only the evidentiary material designated by the parties, and we draw all reasonable inferences in favor of the nonmoving party. *Gochenour v. CSX Transp., Inc.*, 44 N.E.3d 794, 799 (Ind. Ct. App. 2015), *trans. denied*. "An issue is 'genuine' if a trier of fact is required to resolve the truth of the matter; a fact is 'material' if its resolution affects the outcome of the case." *Henderson v. Kleinman*, 103 N.E.3d 683, 686 (Ind. Ct. App. 2018) (quoting *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014)). A self-serving affidavit is sufficient to preclude summary judgment if it demonstrates there are material facts in dispute, but a self-serving affidavit will not preclude

---

[3] In the order granting Symmergy's combined motion for summary judgment, the court stated the motions regarding H & A "are deemed moot upon payment from [sic] of the above amount from their escrow to Plaintiff." (App. Vol. II at 16.) H & A does not participate in this appeal.

[4] The chronological case summary indicates hearings were held on the combined motion for summary judgment and Butler's motion to correct error. However, transcripts from those hearings are not part of the record on appeal.

summary judgment if it merely disputes a legal issue. *AM General LLC v. Armour*, 46 N.E.3d 436, 441 (Ind. 2015). Summary judgment is not a summary trial, and we err on the side of allowing marginal cases to go to trial rather than short-circuiting potentially valid claims. *Chmiel v. US Bank Nat'l Ass'n*, 109 N.E.3d 398, 407 (Ind. Ct. App. 2018).

Butler proceeds on appeal pro se. As such, she is held to the same legal standards as a trained attorney. *Lowrance v. State*, 64 N.E.3d 935, 938 (Ind. Ct. App. 2016), *reh'g denied*, *trans. denied*. Pro se litigants must "follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so." *Id.*

# I. Fraud

Butler argues the trial court erred in granting summary judgment because genuine issues of material fact remain regarding whether Symmergy engaged in fraud. Butler asserts fraud as both an affirmative defense to Symmergy's claims and a cause of action against Symmergy. A contract induced by fraud is voidable. *See Wagler v. West Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 378 (Ind. Ct. App. 2012) ("We observe that contracts induced by fraud or duress are voidable."), *reh'g denied*, *trans. denied*, *cert. denied*, 571 U.S. 1131 (2014). Fraudulent inducement requires the claimant to prove:

> (1) a material representation of past or existing facts which (2)
> was false, (3) was made with knowledge or reckless ignorance of
> its falsity, (4) was made with the intent to deceive, (5) was

rightfully relied upon by the complaining party, and (6) proximately caused injury to the complaining party.

*Great Lakes Anesthesia, P.C. v. O'Bryan*, 99 N.E.3d 260, 272 n.6 (Ind. Ct. App. 2018).

[9]    Fraud may also be constructive, which requires proof of similar, but slightly different, elements:

> 1) a duty owing by the party to be charged to the complaining party due to their relationship; 2) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists; 3) reliance thereon by the complaining party; 4) injury to the complaining party as a proximate result thereof; and 5) the gaining of an advantage by the party to be charged at the expense of the complaining party.

*Heyser v. Noble Roman's Inc.*, 933 N.E.2d 16, 19-20 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. A claim for constructive fraud may arise between a buyer and a seller. *Mullen v. Cogdell*, 643 N.E.2d 390, 401 (Ind. Ct. App. 1994), *reh'g denied*, *trans. denied*. "The law recognizes that in a buyer-seller relationship one party may be in the unique possession of knowledge not possessed by the other and may thereby enjoy a position of superiority over the other. The relationship is therefore one which [sic] invokes a duty of good faith and fair dealing." *Id*. Consequently, both the buyer and the seller each owe "a duty to the other to engage in a course of conduct that represent[s] good faith and fair dealing." *Id*.

[10] In his affidavit in support of Symmergy's combined motion for summary judgment, Dr. Golden averred that

> representatives from [Symmergy] fully disclosed to [Butler] that because she is a bodily injury patient, it is the normal and customary practice for [Symmergy] to submit bills only to her auto insurance carrier, with the understanding that [Symmergy] would receive payments in full under the medical payments/medpay provision of said policy. If payments in full were not received by [Symmergy], then [Butler] would be responsible for said payment per the aforementioned Doctor's Lien.

> Furthermore, at said time representatives from [Symmergy] also disclosed to [Butler] that because she is a bodily injury patient, [Symmergy] would not, under any circumstances, submit bills incurred by her to her primary health insurance carrier.

(App. Vol. II at 69.) Dr. Golden went on to explain that it was Symmergy's "normal and customary practice" to not submit claims to health insurance companies for treatments provided to automobile accident patients. (*Id.*) Thus, Symmergy argues it was consistent and forthright toward Butler and did not commit fraud. Symmergy contends that Butler assumed responsibility for the full cost of her treatment when she signed the Doctor's Lien, and therefore, Butler owes Symmergy over $9,000.00.

[11] However, Butler's designated evidence presents a different picture of the facts. She averred that she sought treatment at Symmergy because her family doctor told her Symmergy was covered by her health insurance and that Symmergy gave her a brochure that stated it would submit insurance claims "for any

covered insurance benefit." (*Id.* at 104.) When Butler asked Dr. Golden whether she should discontinue treatment after her neck pain and headaches subsided in January 2015, Dr. Golden told her that, if she discontinued treatment, "the insurance company would hold the break in treatment against [her]." (*Id.* at 101.) While Butler acknowledges Tina told her Symmergy would seek payment from her automobile insurance company, Butler denies that Symmergy ever informed her it would not submit claims to her health insurance company as a matter of office policy. She also denies that Symmergy ever told her that she could submit claims to her health insurance company on her own or that Symmergy gave her the necessary paperwork to do so.

[12] Because of the differences between the evidence designated by Butler and by Symmergy, there are genuine issues of material fact regarding whether Symmergy induced Butler to incur substantial medical bills by misrepresenting the extent to which its services were covered by Butler's insurance, its ability to bill Butler's health insurer, and/or Butler's ability to submit Symmergy's bills to her health insurer on her own. Consequently, Symmergy is not entitled to summary judgment on its claim against Butler for non-payment of debt or on Butler's counterclaim against Symmergy for fraud because genuine issues of material fact remain regarding whether Symmergy committed constructive fraud or fraudulently induced Butler to contract with Symmergy.[5] *See Rapkin*

---

[5] Symmergy's assertion that all of Butler's claims are barred by estoppel similarly fails. "Estoppel is a judicial doctrine sounding in equity. It is a concept by which one's own acts or conduct prevents the claiming of a right to the detriment of another party who was entitled to and did rely on the conduct." *Lockett v. Planned*

*Group, Inc. v. Cardinal Ventures, Inc.*, 29 N.E.3d 752, 760 (Ind. Ct. App. 2015) (holding genuine issue of material fact existed precluding summary judgment on constructive fraud claim), *trans. denied*.

## II. Breach of Fiduciary Duty

[13] Next, we evaluate the trial court's grant of summary judgment in favor of Symmergy regarding Butler's counterclaim for breach of fiduciary duty. "A claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary relationship; (2) a breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary." *Farmers Elevator Co. of Oakville, Inc. v. Hamilton*, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010), *trans. denied*. "A confidential or fiduciary relationship exists when confidence is reposed by one party in another with resulting superiority and influence exercised by the other." *Kalwitz v. Estate of Kalwitz*, 822 N.E.2d 274, 281 (Ind. Ct. App. 2005), *trans. denied*. However, a fiduciary relationship does not exist between two parties "involved in arms length negotiations resulting in the formation of a contract." *Mullen*, 643 N.E.2d at 401 (holding that, even though the parties did not have a fiduciary relationship, a factual issue remained regarding the extent of the duty the defendant owed the plaintiff due to the

---

*Parenthood of Ind., Inc.*, 42 N.E.3d 119, 135 (Ind. Ct. App. 2015) (internal citation omitted), *reh'g denied*, *trans. denied*. Symmergy argues it expected to be fully paid after Butler signed the Doctor's Lien and consented to treatment, and that Butler is now trying to avoid payment. However, as explained above, there is a genuine issue of material fact regarding whether Symmergy induced Butler through fraud to sign the Doctor's Lien and to continue treatment. *See Farrington v. Allsop*, 670 N.E.2d 106, 110 (Ind. Ct. App. 1996) (holding genuine issue of material fact existed regarding whether equitable estoppel barred claim).

parties' buyer-seller relationship). Butler alleges Symmergy engaged in fraud while trying to convince Butler to purchase its services. Such a relationship is a buyer-seller relationship but not a fiduciary relationship. We therefore affirm the trial court's grant of summary judgment on Butler's counterclaim for breach of fiduciary duty. *See York v. Fredrick*, 947 N.E.2d 969, 978 (Ind. Ct. App. 2011) (holding defendant was entitled to summary judgment on plaintiff's breach of fiduciary duty claim because a fiduciary relationship did not exist between the parties), *trans. denied*.

## III. Unfair Trade Practice

[14] Symmergy argues Butler is alleging Symmergy engaged in a billing scheme. In its defense, Symmergy asserts, "Butler was cognizant right from the inception of the relationship with Symmergy, that under no circumstances would Symmergy submit bills to her health insurance carrier." (Appellee's Br. at 11.) However, as explained above, there is a genuine issue of material fact regarding whether Symmergy concealed its office policy not to bill the health insurance carriers of bodily injury patients from Butler. Therefore, the trial court erred in granting summary judgment for Symmergy on Butler's unfair trade practice claim. *See Yeager v. McManama*, 874 N.E.2d 629, 637 (Ind. Ct. App. 2007) (holding genuine issue of material fact regarding developer's alleged fraudulent representations precluded summary judgment).

# IV. Breach of Contract

[15] Butler also challenges the trial court's order granting summary judgment for Symmergy on her breach of contract claim. "To recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007).

> The goal of contract interpretation is to determine the intent of the parties when they made the agreement. This court must examine the plain language of the contract, read it in context and, whenever possible, construe it so as to render every word, phrase, and term meaningful, unambiguous, and harmonious with the whole. Construction of the terms of a written contract generally is a pure question of law. If, however, a contract is ambiguous, the parties may introduce extrinsic evidence of its meaning, and the interpretation becomes a question of fact.

*Celadon Trucking Serv., Inc. v. Wilmoth*, 70 N.E.3d 833, 839 (Ind. Ct. App. 2017) (internal citations and quotation marks omitted), *trans. denied*.

[16] The Doctor's Lien and the Important Information About Insurance and Scheduled Appointments brochure, which both were given to Butler before she began treatment and which Butler signed, indicated that Symmergy would submit claims for any covered insurance benefit and that Butler was ultimately responsible for payment. Neither document explicitly indicated that, as a matter of office policy, Symmergy would not submit claims to health insurance companies on behalf of automobile accident patients. As indicated above, there

is a dispute about whether this office policy was adequately and accurately conveyed to Butler by Tina. Therefore, a genuine issue of material fact remains regarding the terms of the contract between Butler and Symmergy and whether Symmergy breached those terms. *See SWL, L.L.C. v. NextGear Capital, Inc.*, 131 N.E.3d 746, 754 (Ind. Ct. App. 2019) (holding genuine issue of material fact as to whether the parties agreed to modify the terms of their contract precluded summary judgment).

# Conclusion

[17] Genuine issues of material fact exist regarding whether Symmergy fraudulently concealed its internal office policy of not billing the health insurance carriers of bodily injury patients. However, as a matter of law, we hold a fiduciary relationship did not exist between Butler and Symmergy at the time Butler contracted with Symmergy for treatment. Therefore, we affirm the trial court's order granting summary judgment for Symmergy on Butler's breach of fiduciary duty claim, but we reverse the trial court's order granting summary judgment for Symmergy on its claim against Butler and Butler's counterclaims for fraud, unfair trade practice, and breach of contract. We remand the matter for further proceedings consistent with this opinion.

[18] We affirm in part, reverse in part, and remand.

Riley, J., and Altice, J., concur.